**FILED**

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD G. AUSTIN,

        **Petitioner,**

        **v.**

JONATHAN MINER,

        **Respondent.**

:
:
:
:
:
:
:
:
:

CASE NUMBER   1:06CV00433

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 03/09/2006

## ORDER

Petitioner, Harold G. Austin, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. The filing fee has been paid in full. (*See* Doc. 4). Petitioner states that he was convicted by the Superior Court for the District of Columbia for first degree murder. (Doc. 1 at 2.) As a result of the conviction, Petitioner was sentenced on May 14, 1981 to a term of twenty-four (24) years to life imprisonment, amended on July 19, 1993 to a term of twenty-two (22) years to life imprisonment. (*Id.*) Petitioner alleges trial court errors and ineffective assistance of counsel. For the following reasons, the case will be transferred to the United States District Court for the District of Columbia.

A petition for writ of habeas corpus under § 2241 may be filed in the district court for the district in which petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceedings took place, and each of these courts shall have concurrent jurisdiction to entertain the application. 28 U.S.C. § 2241(d). Pursuant to the provisions of 28 U.S.C. § 2241(d) and the provisions of 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses, and in the

interest of justice, transfer any civil action to any other district where it might have been brought.

Since Petitioner is challenging a decision of the Superior Court for the District of Columbia, the trial court and records, as well as the witnesses and testimony, are all located in the District of Columbia, and the Court concludes that the convenience of the parties and witnesses, and the interest of justice would be served by transfer of this action to the United States District Court for the District of Columbia.

**AND NOW, THEREFORE, THIS 16th DAY OF FEBRUARY, 2006, IT IS HEREBY ORDERED THAT:**

1)    The Clerk of Court is directed to transfer this case to the United States District Court for the District of Columbia.

2)    The Clerk of Court is directed to close this case.


/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

2

CLOSED, HABEAS, PROSE, PRSLC

# U.S. District Court
## Middle District of Pennsylvania (Scranton)
## CIVIL DOCKET FOR CASE #: 3:06-cv-00294-ARC-KH
### Internal Use Only

| | |
|---|---|
| Austin v. Miner | Date Filed: 02/09/2006 |
| Assigned to: Honorable A. Richard Caputo | Jury Demand: None |
| Referred to: Pro Se Law Clerk KH | Nature of Suit: 530 Habeas Corpus |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federa | (General) |
| | Jurisdiction: U.S. Government |
| | Defendant |

**Petitioner**

**Harold G. Austin**     represented by   **Harold G. Austin**
38356-066
U.S. Penitentiary-Allenwood
P.O. Box 3000
White Deer, PA 17887
US
PRO SE

V.

**Respondent**

**Jonathan Miner**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2006 | 1 | PETITION for Writ of Habeas Corpus , filed by Harold G. Austin.(ao, ) (Entered: 02/09/2006) |
| 02/09/2006 | 2 | MEMORANDUM and POINTS of AUTHORITY by Harold G. Austin in support of 1 Petition for Writ of Habeas Corpus. (ao, ) (Entered: 02/09/2006) |
| 02/09/2006 | 3 | PRISONER LETTER ISSUED w/ Notice & Consent Form. (ao, ) (Entered: 02/09/2006) |
| 02/13/2006 | 4 | RECEIPT LETTER $ 5.00, receipt number 333 105233 Harold Austin H/C Filing Fee 2/13/06 (ts, ) (Entered: 02/13/2006) |
| 02/17/2006 | 5 | ORDER TRANSFERRING CASE to the US District court for the District of Columbia. The Clerk is directed to close this case.Signed by Judge A. Richard Caputo on 2/17/06. (ao, ) (Entered: 02/17/2006) |
| 02/27/2006 | 6 | Transfer-Out Letter dtd 2/27/06 to USDC for the District of Columbia from Deputy Clerk with copy of docket sheet and entire case file (ao, ) |

(Entered: 02/27/2006)

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel

# 3: CV 06 0294

HAROLD G. AUSTIN #38356-066
Full name and prison number
(if any) of Petitioner

NO. _____

v.

JONATHAN MINER
Name of Respondent

**FILED**
**SCRANTON**

FEB - 9 2006

PER _____
DEPUTY CLERK

(PERSONS IN FEDERAL CUSTODY)
28 U.S.C. § 2241
PETITION FOR WRIT OF HABEAS CORPUS

Instructions - READ CAREFULLY

1. In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

3. When the petition is completed, the original and three copies shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa.18501

If you are unable to pay the $5.00 filing fee for this petition, you may petition the court to proceed in forma pauperis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

1.  Place of detention **U.S. Penitentiary Allenwood, P.O. Box 3000 White Deer, PA.    17887**

2.  Name and location of court which imposed sentence **Superior Court for the District of Columbia, 300 Indiana Ave, N.W. Washington, D.C. 2001**

3.  The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a)  **F2986~80-   1st Degree Premeditated Murder**

    (b)  _____

    (c)  _____

4.  The date upon which sentence was imposed and the terms of the sentence:

    (a)  **May 14, 1981 / 24 yrs to Life (cons); amended July 19, 1993**

    (b)  **to 22 yrs to Life (cons).**

    (c)  _____

5.  Check whether a finding of guilty was made

    (a) after a plea of guilty _____

    (b) after a plea of not guilty ___✓_____

    (c) after a plea of nolo contendere _____

6.  If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury ___✓_____

    (b) a judge without a jury _____

7.  Did you appeal from the judgment of conviction or the imposition of sentence?    **Yes**

-2-

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

     i. <u>D.C. Court of Appeals</u>

     ii. _____

     iii. _____

   (b) the result in each such court to which appealed:

     i. <u>**Conviction Affirmed**</u>

     ii. _____

     iii. _____

   (c) the date of each such result:

     i. <u>**1982/1983 (approx)**</u>

     ii. _____

     iii. _____

   (d) if known, citations of any written opinions or orders

     entered pursuant to such results:

     i. <u>**Unpublished  -  per curiam**</u>

     ii. _____

     iii. _____

9. State concisely the grounds on which you base your allega-
tion that you are being held in custody unlawfully:

   (a) **Court misinterpreted and/or misapplied D.C. Code § 22-105
in such a way that violated petitioners Constitutional Due
Process rights.**

   (b) **Court "Constructively Amended" terms alleged in Premeditated
Murder count.**

-3-

(c) Court vilated petitioner's right to trial, and ultimate determination of guilt, by the jury.

(d) Petitioner suffered from ineffective assitance of appellate counsel .

10/ State concisely and in the same order the facts which s ipport each of the grounds set out in (9):

(a) Court submitted inapplicable instruction on Premeditated Murder count, allowing jury to convict without considering or finding essential element of crime "as specified in the indictment."

(b) Court, through its jury instructions, constructively amended material elements of the offense(s) charged in the indictment.

(c) Constitutionally erroneous jury instruction led to "legally inconsistent" verdicts which irreparably prejudiced petitioner, and court denied petitioner the right to have those "inconsistent counts re-tried."

(d) Appellate counsel failed to raise "jury instruction" issue that was properly and timely objected to at trial, and that issue went to a "material" element of the offense.

-4-

11.  Have you filed previous petitions for habeas corpus,
     motions under Section 2255 of Title 28, United States
     Code, or any other applications, petitions or motions
     with respect to this conviction:

     **Yes**

12.  If you answered "yes" to (11), list with respect to each
     petition, motion or application

     (a) the specific nature thereof:

          i.  **23-110 (D.C. Code)**

         ii.  **Appeal from Denial of 23-110**

        iii.  **Certiorari to U.S. Supreme Court**

     (b) the name and location of the court in which each
         was filed.

          i.  **D.C. Superior Court/ Washington, D.C.**

         ii.  **D.C. Court of Appeals/ Washington, D.C.**

        iii.  **United States Supreme Court/Washinton, D.C.**

     (c) the disposition thereof.

          i.  **Denied in part/Granted in part**

         ii.  **Denied**

        iii.  **Denied**

     (d) the date of each such disposition:

          i.  **July 19, 1993**

         ii.  **1994**

        iii.  **1996**

(e) If known, citations of any written opinions or orders
entered pursuant to each such disposition:

   i.   <u>Unknown</u>

   ii.   <u>Unknown</u>

  iii.   <u>Unknown</u>

13. If you did not file a motion under Section 2255 of
Title 28 United States Code, or if you filed such a
motion and it was denied, state why your remedy by
way of such motion is inadequate or ineffective to
test the legality of your detention:

(a) N/A. Petitioner's conviction did not originate in U.S. District
Court nor in a state court. Petitioner's conviction stems from
violations of D.C. Code.

(b) D.C. Code 23-110 is inadequate or ineffective to test the
legality of my detention because the court limited the scope of
a July 19, 1993 proceeding and, thereby, prevented the proceed-
ing from affording me a full hearing and adjudication of
constitutional claims (see reverse side).

(c) Because of the limited scope of the proceeding, the D.C. Court
of Appeals' denial of relief from the 23-110 Court's "limita-
tion of proceedings," and the U.S. Supreme Court's denial of
Writ of Certiorari, the petitioner has never been afforded a
review of his claim of "miscarriage of justice," leaving peti-
tioner with no other means to address his claims of constitutional
deprivations.

14. Has any ground set forth in (9) been previously presented
to this or any other federal court by way of petition
for habeas corpus, motion under Section 2255 of Title 28,
United States Code, or any other petition, motion or
application: No

13(b) In March 1981, petitioner and two (2) co-defendants were
convicted of three (3) counts of first degree murder for
a single homicide. Petitioner filed a 23-110 "Motion to
Vacate" in January 1991, alleging, inter alia, constitu-
tional due process and double jeopardy violations. In July
of 1993, the court granted relief on the double jeopardy
issue (pursuant to intervening law, i.e. Ball v United
States, 84 L.Ed.2d 740 (1985) and Byrd v United States,
500 A.2d 1376 [D.C. App. 1985] adopted en banc in Byrd
v United States, 510 A.2d 1035 [1986]), but denied hearing
all other issues despite those issues being "intertwined",
see Byrd v United States, 500 A.2d at 1387.*


* Byrd is one of the co-defendants in petitioner's case.

15. If you answered "yes" to (14), identify

    (a) which grounds have been previously presented:

      i. **N/A**

      ii.

      iii.

    (b) the proceedings in which each ground was raised:

      i. **N/A**

      ii.

      iii.

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea: **Yes**

    (b) your trial, if any: **Yes**

    (c) your sentencing: **Yes**

    (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

      **Yes**

    (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:

      **Yes**

17. If you answered "yes" to one or more parts of (16), list

    (a) the name and address of each attorney who represented you:

      i. **Rufus King III, 910 17th St. N.W., Ste 917, Wash., D.C.**

-7-

  ii. **Geraldine Gennett, (address unknown)**

  iii. **Donald Dworski, P.O. Box 405, Glen Echo, Maryland**

(b) the proceedings at which each such attorney represented
you:

  i. **Rufus King III  -  trial and sentencing**

  ii. **Geraldine Gennet  -  direct appeal**

  iii. **Donald Dworski  - 23-110 Motion to Vacate**

18. If you are seeking leave to proceed in forma pauperis, have
you completed the unsworn declaration setting forth the
required information (see instructions, page 1 of this form).

  Executed at _____
     NAME OF INSTITUTION, CITY, STATE)

  I declare under penalty of perjury that the fore-
  going is true and correct.

  Executed on _____
       (Date)


    _____
    (Signature of Petitioner)

-8-

Harold G. Austin
Reg. No. 38356-066
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA.    17887


Clerk of the Court                              February 7, 2006
U.S. District Court for the
Middle District of Pennsylvania
P.O. Box 1148
Scranton, PA.    18501-1148

**FILED**
**SCRANTON**

FEB 0 9 2006

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Dear Sir/Madam:

Please be advised that I filed a petition with this
court, mailed on February 6, 2006. The $5.00 filing fee
for this petition was not enclosed. I request that
you hold the petition for five (5) working days (2/14/06)
during which time the filing fee will be received
by your office. Please forgive the delay.

Sincerely
Harold G. Austin



itentiary Allenwood
3000
Deer, PA. 17887

CIVIL MAIL

RECEIVED
SCRANTON

Clerk of the Court
United States District Court
Middle District of Pennsylvania
P.O. Box 1148
Scranton, PA    18501-1148

**3: CV 06 0294**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED
SCRANTON**

Harold G. Austin

FEB 09 2006

v.                              Case No. _____

PER _____

Troy Williamson                          DEPUTY CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM AND POINTS OF AUTHORITY IN
SUPPORT OF HABEAS CORPUS MOTION
28 U.S.C.   § 2241

Comes now the petitioner, Harold G. Austin, by and for him-
self, pro se, who does submit the following in support of his
motion and request for grant of Writ of Habeas Corpus relief:

1. That petitioner is convicted of First Degree Premedi-
tated Murder under the "aiding and abetting" theory in violation
D.C. Code(s) 22-2401 (First Degree Murder) and 22-105 (Aiding and
Abetting)(1973 Ed.).

2. That petitioner was charged as a principal, along with
two co-defendants, and that the indictment did not convey an "Aid-
ing and Abetting" charge by reference to statute, words, nor
concise statement as required by Fed. Rules of Criminal Procedure,
Superior Court rules, and 5th amendment U.S. Constitutional "Notice"
clause.

3. That "Aiding and Abetting" is a "crime" in the District
of Columbia. It is listed in the D.C. Code as "criminal" statute
22-105 (1973 Ed.)(The statute [18 U.S.C. § 2] decrees that one who
provides **knowing** aid to persons committing federal crimes **with the
intent** to facilitate the crime, are themselves committing a crime,
Nye & Nissan v United States, 93 L.Ed. 919 [1949]).
NOTE: D.C. Code § 22-105 is fundamentally the same as its federal
counterpart 18 U.S.C. § 2. Both were enacted by Congress ~for the
same purpose.

1

4. That the elements of the crime of Aiding and
Abetting in the District of Columbia are:

   i) knowledge, and
   ii) specific intent

These particular elements have been derived from the following
language which describes an Aider & Abettor as one who:

   i) associates in a criminal venture with the intent to
commit the crime

   ii) participates in it as something he wishes to bring about

   iii) does some affirmative act to make it succeed

This language tracks language coined by Judge Learned Hand in
Peoni v United States, 100 F. 2d 401 (2nd Cir. 1938). This language
was later adopted by U.S. Supreme Court in Nye & Nissan v United
States, 93 L.Ed. 919 (1949).

In addition, the Standard Jury Instruction in the District of
Columbia for "Aiding & Abetting" basically "mirrors" the afore-
mentioned language of Peoni v United States and Nye& Nissan v.
United States:

Standard Jury Instruction No. 4.02 (Aiding & Abetting):

   A person aids and abets if he **knowingly** and **intentionally**
   aids, abets orassists the perpetrator of a crime. A person
   aids and abets if he associates with the criminal venture
   with the intent to commit the crime, participates in it as
   something he wishes to bring about, and does some affirma-
   tive act designed to make it succed.

Finally, the District of Columbia Court of Appeals "explained"
what it is to be an "Aider & Abettor" in Roy v. United States,
652 A.2d 1098 :

   In order for one to be an accomplice or an Aider & Abettor,
   he must be concerned with the commission of the specific
   crime with which the principal defendant is charged. He
   must be an associate in guilt of that crime, a participant
   in that offense as principal or accessory.   Cf: Peoni v U.S.
   100 F. 2d 401.

2

The D.C. Appeals Court goes on to say that "forseeability" is not enough to prove "Aiding & Abetting" :

> It is not enough for the prosecution to show that the accomplice knew or should have known that the principal might conceivably commit the crime with which the accomplice is charged with aiding and abetting, Roy v United States, 652 A.2d at 1104.

Consequently, in the District of Columbia, "Aiding & Abetting" (as defined by Congress and the courts) has the following elements :

i) Knowledge (that a crime is being committed), and
ii) specific intent (to facilitate/aid that crime)

Once a state (legislature) defines the elements of a crime, conviction can not rest on anything less than proof, beyond a reasonable doubt, of every essential element of that crime, see In Re Winship, 397 US 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed. 2d 368 (1970).

5. Aiding & Abetting has the aforementioned two (2) essential elements which are required to be proven in criminal cases except in felony murder, see Heinlein v United States 490 F.2d 725, 735 (1973):

> D.C.'s **felony murder statute** is addressed in terms only to the person who kills while perpetrating a felony. Accomplices are exposed to first degree murder accountability by reason of the Aiding & Abetting statute [22-105]. It is true that such exposure does not depend upon proof of an intent to kill on the part of the accomplice; that intent is supplied by the fact of participation in the felony. Common law concepts of causation and vicarious responsibility are operative. **Accomplice who aid and abets the commission of a felony is legally responsible as a principal for all acts of the other person which are in furtherance of the common design or plan, or are the natural and probable consequence of acts done in perpetration of the felony.** It was upon these terms that the common law encompassed the imposition of liability upon one who neither killed nor intended to kill, but only took part knowingly in the felony. . . the definition of felony murder in our statute is taken from the common law of Maryland. . . see also Fuller v United States, 407 F.2d at 1223-24 and Byrd v United States, 500 A.2d at 1384-85.

3

6. That Aiding and Abetting (D.C. Code 22-105) is applicable
to both provisions (in pertinent part) of the First Degree Murder
statute, D.C. Code 22-2401, See Christrian v. United States, 394
A.2d 1, 48 (Other participants in felony are exposed to first de-
gree murder liability only by virtue of the Aiding and Abetting
statute, D.C. Code 1973, §22-105)

7. That D.C. Code §§ 22-2401 has alternate modes of proof
that are "separate" and "distinct," see Fuller v United States,407
F.2d 1199, 1223-24 (D.C. App 1967) (both first degree premeditated
murder and first degree felony murder. The offenses are distinct
in the sense that they have different elements) also see Byrd v
United States, 500 A.2d 1376, 1384-85 (D.C. App 1985) adopted by
D.C.Court of Appeals en banc Byrd v. United States, 510 A.2d 1035
(1986) (We deem well founded Judge Leventhal's perception that
22-2401 is one offense of first degree murder provable by alterna-
tive means. We too are persuaded that Congress' intent is  that
"deliberate & premeditated malice" and "felony murder" are but
alternate modes of proof)

8. That under D.C. law,first degree premeditated murder
requires proof of  specific intent to kill, see Austin v United
States 382 F.2d 129 (D.C. 1967); Frendak v United States 408 A.2d
364 (D.C. App. 1979)

9. That when applying Aiding & Abetting (D.C. Code § 22-105)
to first degree premeditated murder, an accused accomplice must
intend for death to occur, see Hackney v United States, 389 A.2d
at 1341 (D.C. App. 1978) (It is the state of mind of the Aider &
Abettor, rather than that of the principal, that determines the
formers liability)(quoting R. Perkins, Perkins Substantive Criminal
Law §662). Also see W. LaFave & A. Scott, 2 Substantive Criminal Law
§6.7 at 141-45 (1986) (An Aider & Abettor must intend to aid . . as
well as have the mental state necessary for the underlying substan-
tive crime). See United States v Raper 676 F.2d 841 (D.C. Cir 1982).
Eastridge v United States 372 F.Supp. 2d 26, 56 (D.C. Cir 2005)( . .
if the charge is first degree murder based upon an alleged deliberate
and premeditated killing, the abettor is not guilty of this degree
of the crime unless he either acted upon a premeditated design to
cause the death of the deceased or knew that the perpetrator was
acting with such intent.

4

10. That, according to the law as defined by the District
of Columbia, the courts have misinterpreted and/or misapplied
D.C. Code§ 22-105 Aiding & Abetting rules on the count charging
first degree premeditated murder by allowing jury to convict for
"premeditated murder" (a specific intent crime) using "felony
murder rules, see Green v United States, 405 F.2d 1368 (when one
theory improperly submitted to jury, general verdict can not stand),
also see Pryor v Rose, 724 F.2d 525 (6th Cir. 1984): Francis v
Franklin, 471 US 307, 322, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

11. That felony murder (natural & probable consequence) rules
were inapplicable to the first degree "premeditated murder" count
and unconstitutionally violated 5th amendment due process rights to
a verdict, beyond a reasonable doubt, on every essential element of
the offense charged, see In Re Winship, 397 US 358, 364, 90 S.Ct.
1068, 1073, 25 L.Ed.2d 368 (1970), and 6th amendment jury trial
rights which encompass the right to have a jury make the ultimate
findings of fact on the essential elements of the offense, see Tot
v United States 87 L.Ed. 1519, 319 US 463, 63 S.Ct. 1241 (1943),
and Leary v United States 23 L.Ed. 2d 57 (1969).

12. That petitioner's case is analogous to a recent case de-
cided in this circuit, Laird v Horn, 414 F.3d 419 (3rd Cir. 2005),
where the court (quoting Smith v Horn, 120 F.3d 400, 416) classi-
fied such an accomplice instruction as the "functional equivalent"
of a mandatory presumption that permitted jury to convict without
finding intent of accomplice.

13. That the court failed to "specifically" instruct, on the
Premeditated Murder count, that the jury must find the accused
accomplice knew that a killing was occurring, and specifically in-
tended to aid (facilitate) that crime, see Kind v United States,
529 A.2d 294 (D.C. App. 1987) (the failure to instruct on every
essential element of the crime is, per se, reversible plain error),
Minor v United States, 475 A.2d 414 (D.C. App. 1984)(instruction,
even without objection, removing from jury's consideration an
essential element of the crime requires reversal). Also see Francis
v Franklin. 471 US 307, 322, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)
(language that merely contradicts and does not explain . . . will
not suffice to absolve infirmity. We have no way of knowing which
of the two irreconcilable instructions the jurors applied in reach-
ing their verdict), also see Carella v California 491 US 263, 265,
109 S.Ct. 2419, 2429, 105 L.Ed.2d 218 (1989)(A jury instruction
that omits or materially misdescribes an essential element of an

5

offense, as defined by state law, relieves state of its obliga-
tion to prove facts constituting every element of the offense
beyond a reasonable doubt, and thereby violates a defendants fede-
ral due process rights).

14. That by instructing the jury on "Aiding & Abetting" rules
(D.C. Code § 22-105) the court "constructively amended" the Grand
Jury indictment, see Gaither v United States, 413 F.2d 1061 (U.S.
App. D.C. 1969)(the content of the charge, as well as the decision
to charge at all, is entirely up to the Grand Jury)(the sweeping
powers of the Grand Jury over the "terms" of the indictment entail
very strict limitations upon power of prosecutor or court to change
the indictment found by the Grand Jury or to prove facts different
from those charged in the indictment).

15. That by instructing the petite jury on aiding and abetting,
the court violated substantial rights of the petitioner to be tried
only upon charges found by a Grand Jury, see 5th amendments U.S.
Constitution((no person shall be held to answer an imfamous crime
except upon indictment by a grand jury), see Cox v Hauberg, 14 L.Ed.2d
700 (1965)(the Grand Jury is interposed as a safeguard against the
oppressive actions of prosecutor or court).

16. That the court, after allowing jury to convict petitioner
on "statutorily and legally inconsistent offenses", denied the peti-
tioner the right to have the charges tried before a "properly
instructed" jury which prejudiced him and violated his 6th amendment
right to trial by jury, see Milanovich v United States 365 US 551,
5 L.Ed.2d 773 (1961); Dozier v United States, 382 F.2d 482 (U.S. App.
D.C. 1967).

17. That appellate counsel was ineffective for not including
the issue of "jury instructions" in petitioner's direct appeal when
there was a timely objection at trial to the court's refusal to in-
clude separate "accomplice" instructions based on the two murder
theories.

18. That D.C. Code § 22-105 (1973 Ed) is applied differently
to "Premeditated murder" than it is to "Felony murder", D.C. Code§
22-2401.

Therefore, it is respectfully prayed that this honorable court
accept this petition and hear /decide the "Constitutional" issues
presented herein.

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 1148
SCRANTON, PA   18501

February 9, 2006

**Harold G. Austin**
38356-066
U.S. Penitentiary-Allenwood
P.O. Box 3000
White Deer, PA 17887

Re:   3:06cv294
         Judge: Caputo
         Mag Judge: ProSe Law Clerk

Dear Sir/Madam:

Receipt is acknowledged of the document noted at the foot of this letter, subject as captioned above.

The matter has been forwarded to the court for consideration.

Very truly yours,

MARY E. D'ANDREA, Clerk

By: s/ Anne Oswald
      Deputy Clerk

[X] Petition For Writ of Habeas Corpus                    [] Complaint

[] Transfer From Other District                    [ ] Other

NOTE: Please be advised that in order for service to be made a U.S. Marshal Form 285
         must be completed for each named defendant and returned to the Clerk's
         Office at the above address.   Additional forms are available at the prison library or
         the U.S. Marshal's Office. (This does not apply to Petitions for Writ of Habeas Corpus).

ENCLOSED: Notice of Consent regarding Magistrate Referral.

06-CV-294

Mon Feb 13 12:05:39 2006

UNITED STATES DISTRICT COURT

SCRANTON          PA

Receipt No.    333 105233
Cashier        tanya

Tender Type  MONEY ORDER

M.O. Number: 09492531524

Transaction Type   N

DØ Code    Div No      Acct
4667         3        086900

Amount              $    5.00

HAROLD AUSTIN USP ALLENWOOD PO BOX 3
000 WHITE DEER, PA 17887

H/C FILING FEE 06-CV-294


:bn

Mon Feb 13 12:05:39 2006

M. O. No. 09492531524
Amount$    5.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4667

**FILED
SCRANTON**

FEB 1 3 2006

PER _____
    **DEPUTY CLERK**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

P.O. BOX 1148

SCRANTON, PENNSYLVANIA 18501

February 27, 2006

COURT TRANSFERRED TO:        U.S. District Court for the District of Columbia

Re:    Harold G. Austin v. Jonathan Miner
       3:06-cv-294
       Judge: Caputo

Dear Sir/Madam:

This case is being transferred from the Middle District of Pennsylvania pursuant to an order of court.

Thank you for your cooperation in this matter.  Please acknowledge receipt of this record on the enclosed copy of this letter.

Very truly yours,

MARY E. D'ANDREA, Clerk

By: /s/ Anne Oswald, Deputy Clerk

DATE RECEIVED_____

PERSON RECEIVING_____

CASE NO. ASSIGNED_____