UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD G. AUSTIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-433 (RMC) |
| ) | |
| **JONATHAN MINER,** ) | |
| ) | |
| Respondent. ) | |

## ORDER TRANSFERRING CASE

Petitioner Harold G. Austin, an inmate at the federal penitentiary in Allenwood, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Middle District of Pennsylvania on February 9, 2006. Noting that the petition challenges a conviction that occurred in District of Columbia Superior Court, the Middle District of Pennsylvania transferred the petition to this Court on February 17, 2006, where it was docketed on March 9, 2006. However, because Petitioner is incarcerated in Pennsylvania, this Court lacks jurisdiction over the petition, and will transfer it back to the Middle District of Pennsylvania.

The order transferring the case rested on the proposition that, under 28 U.S.C. § 2241, a habeas petition "may be filed in the district court for the district in which petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceeding took place." *Austin v. Miner*, No. 06-294, Order at 1 (M.D. Pa. Feb. 17, 2006). However, § 2241(d) permits a habeas petition to be filed in the district of conviction only when that district is in the same state as the district of incarceration and that state has more than one federal judicial district. *See* 28 U.S.C. § 2241(d); *Schlanger v. Seamans*, 401 U.S. 487, 490 n.3 (1971) (observing that § 2241

permits a "prisoner to seek habeas corpus in the district where he was sentenced, as well as in the district where he is confined, provided both are within the same State").

In any event, the D.C. Circuit recently instructed that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The prisoner in *Stokes* was incarcerated in a private prison in Ohio when he filed a habeas petition challenging the validity of a D.C. conviction. *Id.* at 1237. Following the logic of *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the *Stokes* court reasoned that, because habeas relief acts not on the inmate but on the person who holds him, and because a court may issue the writ only if it has jurisdiction over that custodian, the proper respondent to a habeas petition is the inmate's immediate custodian, and habeas jurisdiction — at least in cases involving present physical confinement — is limited to the district of incarceration. *Stokes*, 374 F.3d at 1237-38, 1239. The court thus directed the district court to dismiss the habeas petition for want of jurisdiction. *Id.* at 1239.

Accordingly, because this Court concludes that it lacks jurisdiction to consider the instant petition, it is hereby

**ORDERED** that this case shall be **TRANSFERRED** back to the U.S. District Court for the Middle District of Pennsylvania; and it is

**FURTHER ORDERED** that this case shall be closed and removed from the docket of this Court.

**SO ORDERED**.


Signed: March 14, 2006                              /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge